UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BLUMENTHAL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 08 C 0026 |
| ) | |
| ------------------------------------ ) | Judge Moran |
| ) | |
| LUCIEN DANIEL WENCEL, ) | Magistrate Judge Ashman |
| ) | |
| Defendant ) | |

**LUCIEN DANIEL WENCEL'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Lucien Daniel Wencel, by and through his counsel, Charles J. Holley, P.C., pursuant to Rule 81 (c) of the Federal Rules of Civil Procedure and as to his Answer and Affirmative Defenses to the allegations in Plaintiffs' Complaint on file herein, affirms, denies, and alleges as follows:

**GENERAL DENIAL**

The Defendant adamantly denies the false allegations advanced in the Complaint. Specifically, at no time did the Defendant act in a manner intended to, or which could, injure the Plaintiff's reputation as a businessman or member of the bar, humiliate, embarrass or inflict emotional distress upon the Plaintiff. At no time did the Defendant act in a manner intended to or which could defame the Plaintiff.

Plaintiff has suffered no damages which properly may be attributed to Defendant. To the contrary, many of the statements attributed to Defendant were published to a wide number of people by Plaintiff himself. Additionally, Plaintiff set about a course to humiliate and harass Defendant by calling into question his business acumen and intelligence and deeming him incompetent to serve the interests of his business associates. This, we believe, was done to maximize plaintiff's potential to derive economic benefit and simultaneously to harm the Defendant's business while bolstering Plaintiff's attempt to start a competing company. In responding to the Plaintiff's charges and defending himself against these unfounded allegations, the Defendant, did not defame plaintiff.

**SPECIFIC DENIALS**

1.  Answering the allegations of Paragraph 1 of the Complaint, Defendant admits this action is brought by Plaintiff for the purported reasons stated therein. Except

as heretofore admitted, Defendant denies each and every well-pled remaining allegation contained in said Paragraph 1.

2. Answering the allegations of Paragraph 2 of the Complaint, Defendant admits each and every well-pled allegation contained in said Paragraph 2.

3. Answering the allegations of Paragraph 3 of the Complaint, Defendant admits each and every well-pled allegation contained in said Paragraph 3.

4. Answering the allegations of Paragraph 4, Defendant alleges that he has no information or belief sufficient to allow Defendant to answer as to, and so Defendant denies each and every well-pled allegation contained in said Paragraph 4.

5. Answering the allegations of Paragraph 5, Defendant alleges that he has no information or belief sufficient to allow Defendant to answer as to, and so Defendant denies each and every well-pled allegation contained in said Paragraph 5.

6. Answering the allegations of Paragraph 6 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 6.

7. Answering the allegations of Paragraph 7 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 7.

8. Answering the allegations of Paragraph 8 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 8.

9. Answering the allegations of Paragraph 9 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 9.

10. Defendant admits that a meeting took place on the dates mentioned and among the individuals listed in Paragraph 10 of the Complaint. Except as heretofore admitted, Defendant denies each and every remaining well-pled allegation contained in said Paragraph 10.

11. Answering the allegations of Paragraph 11 of the Complaint, to the extent the statements are characterized as "attacks" in the Complaint:

(A) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (A).

(B) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (B).

(C) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (C).

   (D) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (D).

   (E) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (E).

   (F) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (F).

   (G) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (G).

   (H) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (H).

   (I) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (I).

   (J) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (J).

   (K) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (K).

   (L) Defendant denies each and every well-pled allegation contained in said Paragraph 11 (L).

  Answering the remaining allegations of Paragraph 11 of the Complaint, except as heretofore admitted, Defendant denies each and every remaining well-pled allegation contained in said Paragraph 11.

  12. Answering the allegations of Paragraph 12 of the Complaint, Defendant admits that Paragraph 12 contains a portion of an e-mail from Defendant to Plaintiff. Except as heretofore admitted, Defendant denies each and every remaining well-pled allegation contained in said Paragraph 12.

  13. Answering the allegations of Paragraph 13 of the Complaint, Defendant admits that Paragraph 13 contains a portion of an e-mail from Plaintiff to Defendant. Except as heretofore admitted, Defendant denies each and every remaining well-pled allegation contained in said Paragraph 13.

  14. Answering the allegations of Paragraph 14 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 14.

  15. Answering the allegations of Paragraph 15 of the Complaint, Defendant admits that Paragraph 15 contains a portion of an e-mail authored by Defendant. Except

as heretofore admitted, Defendant denies each and every remaining well-pled allegation contained in said Paragraph 15.

16. Answering the allegations of Paragraph 16, Defendant alleges that he has no information or belief sufficient to allow Defendant to answer as to, and so Defendant denies each and every well-pled allegation contained in said Paragraph 16.

17. Answering the allegations of Paragraph 17, Defendant alleges that he has no information or belief sufficient to allow Defendant to answer as to, and so Defendant denies each and every well-pled allegation contained in said Paragraph 17.

18. Answering the allegations of Paragraph 18 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 18.

19. Answering the allegations of Paragraph 19 of the Complaint, Defendant admits that Paragraph 19 contains a portion of an e-mail from Defendant to a third-party. Except as heretofore admitted, Defendant denies each and every remaining well-pled allegation contained in said Paragraph 19.

20. Answering the allegations of Paragraph 20 of the Complaint, to the extent the statements are characterized as "false" in the Complaint:

    (A) Defendant denies each and every well-pled allegation contained in said Paragraph 20 (A).

    (B) Defendant denies each and every well-pled allegation contained in said Paragraph 20 (B).

    (C) Defendant denies each and every well-pled allegation contained in said Paragraph 20 (C).

    (D) Defendant denies each and every well-pled allegation contained in said Paragraph 20 (D).

    (E) Defendant denies each and every well-pled allegation contained in said Paragraph 20 (E).

    (F) Defendant denies each and every well-pled allegation contained in said Paragraph 20 (F).

    (G) Defendant denies each and every well-pled allegation contained in said Paragraph 20 (G).

Answering the remaining allegations of Paragraph 20 of the Complaint, Defendant denies each and every remaining well-pled allegation contained in said Paragraph 20.

21.     Answering the allegations of Paragraph 21 of the Complaint, to the extent the statements are characterized as "false" in the Complaint:

(A)     Defendant denies each and every well-pled allegation contained in said Paragraph 21 (A).

(B)     Defendant denies each and every well-pled allegation contained in said Paragraph 21 (B).

(C)     Defendant denies each and every well-pled allegation contained in said Paragraph 21 (C).

(D)     Defendant denies each and every well-pled allegation contained in said Paragraph 21 (D).

22.     Answering the allegations of Paragraph 22 of the Complaint:

(A)     Defendant denies each and every well-pled allegation contained in said Paragraph 22 (A).

(B)     Defendant denies each and every well-pled allegation contained in said Paragraph 22 (B).

(C)     Defendant denies each and every well-pled allegation contained in said Paragraph 22 (C).

(D)     Defendant denies each and every well-pled allegation contained in said Paragraph 22 (D).

(E)     Defendant denies each and every well-pled allegation contained in said Paragraph 22 (E).

23.     Answering the allegations of Paragraph 23 of the Complaint, Defendant admits each and every well-pled allegation contained in said Paragraph 23.

24.     Answering the allegations of Paragraph 24 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 24.

25.     Answering the allegations of Paragraph 25 of the Complaint, Defendant admits that he has refused to publish a retraction to the purportedly defamatory statements alleged by Plaintiff. Defendant denies each and every remaining well-pled allegation contained in said Paragraph 25.

26.     Answering the allegations of Paragraph 26 of the Complaint, to the extent the statements are characterized as to "defame" the Plaintiff in the Complaint:

(A) Defendant denies each and every well-pled allegation contained in said Paragraph 21 (A).

(B) Defendant denies each and every well-pled allegation contained in said Paragraph 21 (B).

(C) Defendant denies each and every well-pled allegation contained in said Paragraph 21 (C).

Answering the allegations of Paragraph 26 of the Complaint, Defendant denies each and every well-pled remaining allegation contained in said Paragraph 26.

27. Answering the allegations of Paragraph 27 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 27.

28. Answering the allegations of Paragraph 28 of the Complaint, Defendant denies each and every well-pled allegation contained in said Paragraph 28.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

29. Defendant denies that Plaintiff is entitled to any relief whatsoever in connection with the Complaint.

## AFFIRMATIVE DEFENSES

Defendant Lucien Daniel Wencel alleges the following Affirmative Defenses to the allegations that he engaged in conduct violative of state law.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

30. The answering Defendant alleges that of the Plaintiff's Complaint, each and every Cause of Action therein fails to state a Cause of Action.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

31. The answering Defendant alleges that to the extent the Plaintiff seek equitable relief, Plaintiffs' inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

### THIRD AFFIRMATIVE DEFENSE
### (Substantial Truth of Statements)

32.    The answering Defendant alleges that even if the statements could be properly attributed to Defendant, they are substantially true.

### FOURTH AFFIRMATIVE DEFENSE
### (Opinion)

33.    The answering Defendant alleges that even if the statements could be properly attributed to Defendant, they are opinions.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

34.    The answering Defendant is informed and believes and on such information and belief allege, that Plaintiff was engaged in conduct that constitutes a waiver of his rights.

### SIXTH AFFIRMATIVE DEFENSE
### (Qualified Privilege)

35.    The answering Defendant alleges that the even if statements could be properly attributed to Defendant, they were subject to Qualified Privilege.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Damage To Reputation)

36.    The answering Defendant alleges that even if the statements could be properly attributed to Defendant, the reputation of the Plaintiff was not damaged.

### EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiff Published Statements)

37.    The answering Defendant alleges that the Plaintiff herein published the statements alleged to be defamatory to Plaintiff, thereby barring any Cause of Action asserted by the Plaintiff.

### NINTH AFFIRMATIVE DEFENSE
### (Innocent Construction Rule)

38.    The answering Defendant alleges that even if the statements could be properly attributed to Defendant, the statements were subject to the Rule of Innocent Construction.

## TENTH AFFIRMATIVE DEFENSE
### (No Incremental Harm)

39. The answering Defendant alleges that even if the statements could be properly attributed to Defendant, there was no incremental harm to the reputation of the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statements Not Defamatory)

40. The answering Defendant alleges that even if the statements could be properly attributed to Defendant, they were not defamatory.

## TWELFTH AFFIRMATIVE DEFENSE

41. The answering Defendant alleges that Plaintiff's injuries and damages, if any, were caused by the acts of the Plaintiff, for which Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

42. The answering Defendant alleges that Plaintiff is not entitled to punitive damages under the applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

43. The answering Defendant alleges that Plaintiff has failed to plead special damages with particularity.

WHEREFORE, DEFENDANT LUCIEN DANIEL WENCEL prays that the Plaintiff takes nothing by his Complaint and that said Defendant have judgment against Plaintiff and recover costs of suit herein incurred, and such other relief as the court may deem proper.

Respectfully Submitted,

_____s/ Charles J. Holley_____

Charles J. Holley
Law Offices of Charles J. Holley, P.C.
161 North Clark Street
Suite 4700
Chicago, Illinois   60601
(312) 960-0770

**CERTIFICATE OF SERVICE**

    I hereby certify that have caused to be served a true and correct copy of the above and foregoing Notice of Removal to the above-listed individuals pursuant to the Court's Electronic Filing System this 7th day of January, 2008.

                                              _s/Charles J. Holley_____
                                                      Charles J. Holley