## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MICHAEL L. BLUMENTHAL, an individual,** ) | |
| ) | **No.   08 C 0026** |
| **Plaintiff,** ) | |
| **v.** ) | **Judge Moran** |
| ) | |
| **LUCIAN DANIEL WENCEL, an individual,** ) | **Magistrate Judge Ashman** |
| ) | |
| **Defendant.** ) | |

### MOTION TO REMAND

**NOW COMES** Michael L. Blumenthal ("Plaintiff"), by and through his attorney Martin

A. Blumenthal, and in support of his motion to remand this matter back to state court

respectfully states as follows:

1.      This matter was originally filed in the circuit court of Cook County on or about

June 25, 2007. A copy of said Complaint is attached hereto and made a part hereof and marked

Exhibit "A".

2.      Defendant was served with process on September 27, 2007 and proof of service

thereof was filed in the Circuit Court of Cook County on October 23, 2007. A copy of said proof

of service is attached hereto and made a part hereof and marked Exhibit "B".

3.      At one of the initial Case Management court appearances in state court Defendant's

attorney presented a Motion to Dismiss Plaintiff's Complaint alleging that certain of the

paragraphs were too long and therefore Defendant would be too taxed if forced to admit or deny

the allegations. Plaintiff's attorney volunteered to amend the Complaint to separate out the

various facts and renumber the paragraphs in the Complaint in order to address Defendant's

concerns. The Court granted Plaintiff's request and Plaintiff filed an Amended Complaint on

December 3, 2007.

4.    Plaintiff's Amended Complaint differed only in its paragraph numbers, division thereof and grammatical changes occasioned thereby. No new facts, allegations or causes of action were raised or made. A copy of the Amended Complaint is attached hereto and made a part hereof and marked Exhibit "C".

5.    On January 2, 2008, Defendant filed his Notice of Removal to the United States District Court with the Circuit Court of Cook County.

6.     In his  Notice of Removal, the Defendant alleged that the removal was taken "...within thirty (30) days after the date of service of process of the amended complaint...". However, this is not the standard set forth in the removal statute.

7.    Upon receipt of Defendant's Notice of Removal, Plaintiff contacted Defendant's attorney to discuss the issue of removal. Plaintiff called to Defendant's attorney's attention 28 U.S.C. §1446(b), wherein it states in pertinent part:

> " The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, ... of a copy of an amended pleading,... from which it may first be ascertained that the case is one which is or has become removable,...."

8.    Based on the language of the statute, Plaintiff asked Defendant to withdraw his notice and remand the matter to state court as his time to remove had expired on October 29, 2007 at the latest. Plaintiff offered Defendant a few days to consider the request. Instead of

remanding the instant matter Defendant chose to file an answer and affirmative defenses, making clear that the Defendant has chosen to proceed in Federal Court despite the untimely nature of his attempted removal. Therefore, the Plaintiff brings this motion to remand accordingly.

9.    It is clear from Defendant's Notice of Removal that he wrongly believes removal is permitted within thirty (30) days of every amended pleading. As set forth above, this is not the wording of the Code. It is equally clear that Defendant did not file his Notice of Removal within thirty (30) days of the initial complaint and therefore his attempt to remove is untimely.

10.    Based on the language of 28 U.S.C. §1446(b), it is possible that Defendant may attempt to argue before this court, contrary to the assertions made in his Notice of Removal, that he could not ascertain whether or not the case was removable until the Amended Complaint was filed. Since the Amended Complaint and the original Complaint are identical for all practical purposes this argument, if made, would be without merit.

11.    Defendant's effort to suggest otherwise would be nothing more than a transparent attempt to circumvent the rules and obtain relief to which he is no longer entitled, as he failed to remove within the time proscribed.

12.    In as much as Defendant was given the opportunity to correct his error before this motion was brought, Plaintiff respectfully requests that in addition to granting his motion for remand, that this court grant an award of attorneys fees in connection with the preparation, filing, service and appearance on this motion pursuant to 28 USC § 1447(c). Counsel for the Plaintiff having spent an estimated three (3) hours of time to prepare, file and argue this motion, requests an award of $1,200.00, representing Plaintiff's counsel's normal billing rate..

**WHEREFORE**, Plaintiff, MICHAEL L. BLUMENTHAL, prays that this Honorable

Court enter an Order granting the relief sought, and for such other and further relief as this court

deems just and proper.

**Respectfully submitted,**

**MICHAEL L. BLUMENTHAL, Plaintiff**


By:  _/s/  MARTIN A. BLUMENTHAL_____

His Attorney


**MARTIN A. BLUMENTHAL, ESQ.**
**ATTORNEY FOR PLAINTIFF**
**1 NORTHFIELD PLAZA - SUITE 300**
**NORTHFIELD, IL  60093**
**(847) 441-2687**
**ATTORNEY I.D.# 6180069**

4